# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **TRUSTEES OF THE PLUMBERS AND** | ) | |
| **PIPEFITTERS LOCAL 551 PENSION PLAN,** | ) | |
| **et al.;** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| **vs.** | ) | **Case No. 3:20-cv-00696-GCS** |
| | ) | |
| **JLB CONSTRUCTION ENTERPRISE, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER FOR DEFAULT JUDGMENT

This matter is before the Court on Plaintiffs' Motion for Default Judgment against Defendant, JLB Construction Enterprise, Inc. ("JLB"). (Doc. 25). Plaintiffs filed the instant action on July 15, 2020, alleging violations of the Employment Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. § 1131, *et seq.*, and the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, *et seq.* (Doc. 1). Defendant was served with a copy of the summons and complaint on August 10, 2020. (Doc. 13). Thus, Defendant's responsive pleading was due to be filed on or before August 31, 2020. However, Defendant failed to answer Plaintiffs' complaint or otherwise plead, and a Clerk's Entry of Default was filed on September 21, 2020. (Doc. 16). Defendant has not filed a response to Plaintiffs' motion for default judgment. Thus, for the reasons delineated below, the motion for default judgment is **GRANTED in part and DENIED in part.**

## FACTUAL ALLEGATIONS

Plaintiffs make the following allegations in their complaint: on August 19, 2019, Principal Jeff Bryant signed a letter of assent binding Defendant to a collective bargaining agreement between Egyptian Association of Plumbing, Heating & Cooling Contractors and Local #551, United Association of Journeymen and Apprentices of the United States and Canada, AFL-CIL ("Labor Agreement"). (Doc. 1, p. 2-3). This agreement was then in effect for all subsequent labor agreements between those parties. *Id.* at p. 3. The Labor Agreement obligated Defendant to file reports and pay monthly contributions due to Plaintiffs' employee benefit trust funds for the benefit of the eligible bargaining unit employees, and to withhold authorized working dues and a Special Union Assessment to the U.A. Local #551 Building Fund from the paychecks of covered employees. *Id.* The Labor Agreement further required Defendant to report and pay those dues and assessments monthly, along with the employee benefit contributions. *Id.* Between September 2017 and May 2019, Defendant filed contribution reports, but failed to pay contributions, working dues, or assessments as required by the Labor Agreement and ERISA. *Id.*

## DISCUSSION

Under the Federal Rules of Civil Procedure, a defendant must file its answer "within 21 days after being served with a summons and complaint." FED. R. CIV. PROC. 8(a)(1)(A)(i). A defendant who fails to do so may be found to be in default under Federal Rule of Civil Procedure 55(a). Default judgment establishes, as a matter of law, that a defendant is liable to the plaintiff on each cause of action alleged in the complaint.

*See United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). The district court has the discretion to determine whether to enter default judgment. *See O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993).

"When a defendant is found in default, all factual allegations in the complaint are deemed admitted and not subject to change." *Trustees of the NECA-IBEW Pension Benefit Trust Fund v. Marion Fire Sprinkler and Alarm, Inc.*, Case No. 19-CV-147-SMY, 2020 WL 230803, *2 (S.D. Ill. Jan. 15, 2020) (internal citations omitted). However, allegations pertaining to the amount of damages are not deemed admitted. *See Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d. 1319, 1323 (7th Cir. 1983); FED. R. CIV. PROC. 8(b)(6). On default, the Court may conduct a hearing when it is necessary to perform an accounting, ascertain damages, establish the truth of any allegation through evidence, or otherwise investigate any other matter. *See* FED. R. CIV. PROC. 55(b)(2)(A)-(D).

Here, consistent with the allegations in the complaint, Plaintiffs seek the following damages on default for the actual amount due and owing for Defendant's failure to abide by the Labor Agreement:

a. $54,395.45 in unpaid contributions and working dues, $16,379.26 in interest, and $5,655.80 in liquidated damages;

b. Reasonable attorneys' fess of $6,729.00 and costs of $435.00, plus post-judgment attorneys' fees and costs incurred in connection with this case until the judgment is fully satisfied. *See* (Doc. 25).

Plaintiffs' estimation of unpaid contributions and working dues, interest, liquidated damages, and reasonable attorneys' fees and costs are ascertainable without the necessity of a hearing. *See Trustees of the NECA-IBEW Pension Benefit Trust Fund*, 2020 WL 230803 at *2. However, Plaintiffs' post-judgment attorneys' fees and costs are not ascertainable. *Id*. at *2 n.2. Plaintiffs may seek these damages in post-judgment motions, if necessary.

## CONCLUSION

For the above-stated reasons, the undersigned **GRANTS in part and DENIES in part** Plaintiffs' motion for entry of default judgment. (Doc. 25). Default judgment is entered in favor of Plaintiffs and against Defendant in the amount of $83,594.51. The Clerk of the Court is **DIRECTED** to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**

**DATED: June 28, 2021.**

Digitally signed
by Judge Sison 2
Date: 2021.06.28
14:57:37 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**