IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS AND PIPEFITTERS LOCAL 551 PENSION PLAN, TRUSTEES FOR THE PLUMBERS AND PIPEFITTERS UA LOCAL 551 COMPULSORY VACATION SAVINGS FUND, LOCAL 551, and TRUSTEES FOR THE PLUMBERS AND PIPEFITTER LOCAL 551 HEALTH AND WELFARE FUND, <br><br> Plaintiffs, <br><br> vs. <br><br> JLB CONSTRUCTION ENTERPRISE, INC., <br><br> Defendant. | Case No. 20-cv-696-GCS-DWD |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

On July 15, 2020, Plaintiffs Trustees of the Plumbers and Pipefitters Local 551 Pension Plan, Trustees for the Plumbers and Pipefitters UA Local 551 Compulsory Vacation Savings Fund, Local 551, Trustees for the Plumbers and Pipefitters Local 551 Health and Welfare Fund, and Trustees for the Local 551 Apprentices Training Fund filed suit against Defendant JLB Construction Enterprise, Inc. alleging violations of the Employee Retirement Income Security Act of 1974 (ERISA). Plaintiffs amended their complaint on November 6, 2020, and, in it, they seek monetary damages for unpaid and delinquent employee benefit contributions, working dues, and special union

assessments. Their amended complaint further requests interest and liquidated damages on the unpaid and late-paid contributions in addition to attorneys' fees and costs.

This action was randomly assigned to Magistrate Gilbert C. Sison for all proceedings pursuant to Administrative Order 257. Defendant has not appeared or defended this action, and, as a result, has not consented to the jurisdiction of a magistrate judge. Upon filing of Plaintiffs' motion for default judgment, at Judge Sison's request, it was referred to the undersigned for immediate consideration.

The Court first considers whether the motion for default judgment is properly before the Court. Venue is proper in this district, and the Court enjoys subject matter jurisdiction over this action pursuant to the ERISA statute. *See* 29 U.S.C. § 1132(e). Defendant's registered agent is Jeffrey Lee Bryant. He was served on December 1, 2020. (Doc. 22). Defendant failed to answer or otherwise defend this action in a timely manner, and Plaintiffs secured an entry of default pursuant to Federal Rule of Civil Procedure 55(a) on January 5, 2021. (Doc. 24). Plaintiff mailed a copy of the default entry to Defendant at its last known address. (Doc. 26, p. 4). By motion dated May 24, 2021, Plaintiffs now seek entry of a default judgment. A copy of the motion was sent to Defendant at its last known address. To date, Defendant has not appeared, filed an answer, or responded to the motion for default judgment. Plaintiffs seek to recover unpaid and delinquent contributions, liquidated damages, interest, attorneys' fees, and costs.

Upon review of Plaintiffs' motion and supporting documents, the Court **FINDS** that Plaintiffs properly secured a Rule 55(a) entry of default. The motion for default

judgment comports with Rule 55(b)(2), which governs entries of default judgment by the Court, and with Rule 54(c), which requires that default judgments not grant relief different in kind from or exceed in amount what was sought in the pleadings.

In support of the damages requested in the motion for default judgment, Plaintiffs attach two affidavits in support of their motion. The first was executed by Clint Walker, the business manager for Local 551. The affidavit explains that Jeff Bryant, principal for Defendant JLB Construction Enterprise, Inc., signed a collective bargaining agreement binding JLB to a 2011-2014 labor agreement, and other subsequent labor agreements between the parties, that required JLB to file monthly reports and make contributions to Plaintiffs' plans and funds. Walker's affidavit explains that JLB still owes Plaintiffs $76,430.51 plus attorneys' fees, costs, and post-judgment interest. That amount includes (1) $54,395.45 in unpaid contributions and working dues; (2) $4,755.82 in interest through June 5, 2019, when this action was filed; (3) $11,623.44 in interest on unpaid contributions from June 6, 2019, through May 15, 2021; and (4) $5,655.80 in liquidated damages on the unpaid contributions, all of which is authorized by the various agreements between the parties. Attached to the affidavit are copies of the agreements, as well as records showing the amounts due and owing at this time.

Plaintiffs' second affidavit was signed by counsel, Attorney Natalie J. Teague, and details the requests for attorneys' fees and costs. Plaintiffs seek $6,729.00 in attorneys' fees and $435.00 in costs and expenses. The affidavit includes detailed billing records for the time related to litigating this action, and the records appear to be a complete and accurate accounting of the fees incurred in pursuing this action.

Plaintiffs demonstrate that they are entitled to entry of a default judgment against Defendant, and, as such, the Court **GRANTS** Plaintiffs' motion for default judgment (Doc. 25). Pursuant to Rule 55, the Clerk of Court shall enter default judgment in the amount of $83,594.51 in favor of Plaintiffs Trustees of the Plumbers and Pipefitters Local 551 Pension Plan, Trustees for the Plumbers and Pipefitters UA Local 551 Compulsory Vacation Savings Fund, Local 551, Trustees for the Plumbers and Pipefitters Local 551 Health and Welfare Fund, and Trustees for the Local 551 Apprentices Training Fund and against Defendant JLB Construction Enterprise, Inc. That total is comprised of $54,395.45 in unpaid contributions and working dues, $16,379.26 in pre-judgment interest through May 15, 2021, $5,655.80 in liquidated damages, $6,729.00 for attorneys' fees, and $435.00 in costs. After entering default judgment, the Clerk of Court shall close this case.

**SO ORDERED.**

Dated: July 13, 2021

_____
DAVID W. DUGAN
United States District Judge